IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.                          Case No. 05-40007-01-RDR

JAMES EDWARD WILKINS,

        Defendant.

_____

**MEMORANDUM AND ORDER**

On June 8, 2005, the court held a hearing on the pending pretrial motions. Having carefully considered the testimony and argument offered during that hearing, the court is now prepared to rule.

The defendant is charged in a four-count indictment. In Counts 3 and 4, he is charged along with co-defendant Donetta Brown. She has previously entered a guilty plea in this case. In Counts 1 and 2, the defendant is charged in the alternative. In Count 1, he is charged with possession of 4 firearms by a felon in violation of 18 U.S.C. § 922(g) or, in the alternative, possession of 4 firearms by an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g). In Count 2, he is charged with possession of ammunition by a felon in violation of 18 U.S.C. § 922(g) or, in the alternative, possession of ammunition by an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g). In Count 3, he is charged with

conspiracy to obstruct justice by destroying or concealing evidence in violation of 18 U.S.C. § 371.  In Count 4, he is charged with destroying and concealing a firearm with intent to impair the firearm's availability for an official proceeding in violation of 18 U.S.C. § 1512(c)(1).

The defendant has filed three motions:  (1) motion to suppress evidence seized from 2007 Glendale; (2) motion to suppress statements; and (3) motion to disclose expert testimony.

MOTION TO SUPPRESS EVIDENCE SEIZED FROM 2007 GLENDALE

*Findings of Fact*

1.  On January 20, 2005, Matt Ade, an officer with the Salina Police Department, was patrolling in the defendant's neighborhood in Salina, Kansas.  Officer Ade was aware the defendant was wanted for making threats to a Salina city judge and a Salina city prosecutor.  He knew that law enforcement officers were searching for the defendant, and he was in the defendant's neighborhood hoping to find the defendant at his residence.

2.  At approximately 6:30 p.m., Officer Ade was flagged down by a woman near the defendant's house at 2007 Glendale.  The woman, Julia Soldan, told Officer Ade that she was the landlord of the defendant's residence.  She further told him that the

2

defendant's lease had expired at 6:00 p.m.  She indicated that no one was present in the residence at that time.  She said she had discovered some firearms in the residence.  She told Officer Ade that she did not want the firearms in the house, and she requested that he take possession of them.  Officer Ade was not aware if any of the information provided by Ms. Soldan was accurate.  He, however, was not concerned that any exigent circumstances existed at the time.  He did not fear for his safety or the safety of Ms. Soldan.  He was not aware that the defendant had previously been convicted of a felony.  He did not believe it was necessary to enter the residence.

3.   Officer Ade was not aware at that time that the defendant had been captured in a nearby county.  The defendant had been arrested in McPherson, Kansas at approximately 6:00 p.m.

4.   Officer Ade was concerned about his right to take possession of the weapons.  He told Ms. Soldan that he needed to call his lieutenant at the station to determine if he could take the weapons.  Officer Ade was informed that he could take the firearms as "found property" if Ms. Soldan delivered them to him.  Officer Ade told Ms. Soldan that if she brought the firearms to him, then he would take them and list them as "found property."   She returned to the residence, procured the

firearms, and then gave them to Officer Ade, who had waited outside the residence.   Officer Ade noted that one of the firearms was loaded.  He removed the ammunition.

5.  As Officer Ade was leaving the scene with the firearms at approximately 6:40 p.m., he learned that the defendant had been captured.  Officer Ade returned to the police station and filled out a report listing the firearms and ammunition as "found property."

*Conclusions of Law*

1.  The defendant contends that the actions of the police in sending someone into his house to retrieve the firearms and ammunition violated the Fourth Amendment.  He further contends that he has standing to contest the seizure because he had the legal right to reside at the property at that time.

The government has taken rather puzzling positions in response to the defendant's motion.  In its brief in response to the defendant's motion, the government conceded that (1) the defendant has standing to contest the search and seizure of his home; and (2) the owner of the property was acting as an agent of the government at the time the property was seized.  The government, however, asserted that the warrantless seizure was proper because it was based on exigent circumstances.  At the hearing, the government appeared to concede that no exigent

4

circumstances existed.  The government, however, retreated on its position that Ms. Soldan was acting as an agent of law enforcement at the time of the seizure.  The government suggested that Ms. Soldan was not acting as an agent because Officer Ade did not direct her actions.

2.  The court notes there is no issue concerning the defendant's standing to contest the search at his home.  The parties agree that the defendant was residing at 2007 Glendale on January 20, 2005, and he continued to have the right to reside there after that date.

3.  The court must next consider whether Ms. Soldan was an agent of the Salina police department at the time she seized the firearms and ammunition and turned them over to Officer Ade. The Fourth Amendment protects citizens from unreasonable searches and seizures by government actors.  Burdeau v. McDowell, 256 U.S. 465, 475 (1921).  The Fourth Amendment does not apply to searches by private parties, absent governmental involvement.  See United States v. Humphrey, 208 F.3d 1190, 1203 (10th Cir. 2000).  However, a search by a private citizen may be transformed into a governmental search implicating the Fourth Amendment if the government affirmatively encourages, initiates or instigates the private action.  United States v. Smythe, 84 F.3d 1240, 1243 (10th Cir. 1996).  In such a case, the private

citizen may be regarded as an agent or instrumentality of the police, and the fruits of the search may be suppressed. <u>Id</u>. In considering this issue, the court must examine the totality of the circumstances. <u>Id</u>.

4. Having carefully reviewed the factual background, the court finds that Ms. Soldan was acting as an agent of the government. The actions by the police in this case did encourage Ms. Soldan to act as she did. She was told that she had authority to remove the property from the house and turn it over to the police. She was told essentially that "if she produced the guns, the police would take them." The totality of the circumstances suggest that Ms. Soldan would not have acted but for the suggestions of Officer Ade. The court reaches this conclusion while noting that the testimony of Ms. Soldan would have been very helpful in deciding this issue.

5. Finally, the court fails to find any exigent circumstances for the actions of Officer Ade. The facts are clear that property was taken by a law enforcement official from the defendant's residence without a warrant. Thus, this action is presumptively unreasonable unless an exception to the warrant requirement applies. <u>See</u> <u>Roska ex rel. Roska v. Peterson</u>, 328 F.3d 1230, 1240 (10th Cir. 2003); <u>Kirk v. Louisiana</u>, 536 U.S. 635, 636 (2002) ("[A]bsent exigent circumstances, the firm line

at the entrance to the house may not reasonably be crossed without a warrant."). Exigent circumstances exist when (1) an officer has reasonable grounds to believe there is an immediate need to protect the lives of others; (2) the officer's search is not motivated by an intent to arrest or seize evidence; and (3) there is a reasonable basis to believe that an emergency exists at the place to be searched. Roska, 328 F.3d at 1240; see id. at 1250 n. 24 (requiring immediate risk to safety for exigent circumstances to exist). "In evaluating whether exigent circumstances existed, we examine the circumstances as they would have appeared to prudent, cautious, and trained officers." Id. at 1240 (quotation omitted); see also United States v. Anderson, 154 F.3d 1225, 1233 (10th Cir. 1998) (recognizing there is no absolute test for assessing whether exigent circumstances exist because determination depends on unique facts of each case), cert. denied, 526 U.S. 1159 (1999). An officer's suspicion of exigent circumstances must be objectively reasonable. United States v. Stewart, 867 F.2d 581, 584 (10th Cir. 1989); see also United States v. Dahlman, 13 F.3d 1391, 1398 (10th Cir. 1993) ("The term 'exigent circumstances' requires that the officers hold an objectively reasonable belief that there is an urgent need for immediate action."), cert. denied, 511 U.S. 1045 (1994). Officer Ade admitted that no "pressing

circumstances" existed and that he was unable to note any potential harm that required seizure of the firearms.  Thus, the court finds that no exigent circumstances existed.

6. Having reached the aforementioned conclusions, the court finds that defendant's motion to suppress must be granted. The firearms and ammunition taken from 2007 Glendale in Salina, Kansas on January 20, 2005 must be suppressed.

MOTION TO SUPPRESS STATEMENTS

*Findings of Fact*

1. Following the defendant's arrest on January 20, 2005, he was taken to the Salina jail.  At approximately 8:50 p.m. Shawn Moreland, an officer with the Salina Police Department, met with the defendant.  Officer Moreland advised the defendant of his <u>Miranda</u> rights.  He then gave the defendant a written document that contained the following questions:  (1) Do you understand that you have the right to remain silent? (2) Do you understand that anything you say can and will be used against you in a court of law? (3) Do you understand that you have the right to talk to a lawyer and have him present while you are being questioned? and (4) Do you understand that if you cannot afford to hire a lawyer one will be appointed to represent you without charge?  The defendant initialed each question and then signed and dated the form.  He then spoke with Officer Moreland

for about an hour.   The discussion involved the threats the defendant had allegedly made.

2.  On January 24, 2005, at approximately 8:30 p.m., Officer Moreland, along with Officer Mangels, went to the Salina jail to talk with the defendant again.   Prior to the interview, Officer Moreland asked the defendant if he remembered the prior Miranda warning.   He told the defendant that the warning was still in effect today.   The defendant said that he still remembered it and understood it.   Officer Mangels then began questioning the defendant concerning the firearms found at his residence and his use of drugs.

3.  The defendant had had several prior experiences with the criminal justice system.

*Conclusions of Law*

1.  The defendant seeks to suppress the statements made by him on January 24, 2005.   He contends that the reminder given by Officer Moreland was inadequate to comply with Miranda requirements.   The government responds that, based upon the totality of the circumstances, the defendant did understand his rights when he waived them four days after he was given a full Miranda warning.   The government contends that the reminder was sufficient to notify him of his rights.

2.  "The courts have generally rejected a per se rule as to

9

when a suspect must be readvised of his rights after the passage of time or a change of questioners." United States v. Andaverde, 64 F.3d 1305, 1312 (9th Cir. 1995), cert. denied, 516 U.S. 1164 (1996). The Sixth Circuit has applied a totality of circumstances approach when addressing the issue of a delay between reading Miranda rights and a custodial interview, considering the following factors:

> 1) the time elapsing between arrest and arraignment of the defendant[;] (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession[;] (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him[;] (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel; and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession.

United States v. Weekley, 130 F.3d 747, 750 (6th Cir. 1997) (citations omitted).

3. The Tenth Circuit has not addressed this issue in a published opinion. However, in an unpublished opinion, the court determined that Miranda warnings remained effective for a statement made three days after the warnings were given, where the defendant had been asked subsequently if he remembered the prior warnings and he said that he did. United States v. Black, 162 F.3d 1174, 1998 WL 745986 at ** 4 (10th Cir. 1998). The court noted that the defendant had pointed to nothing to suggest

that the earlier warnings were diminished other than the passage of time. Id. The court pointed to several cases from other circuits that held that fresh warnings are not required after a few hours or a few days. Id. Accordingly, the court upheld the district court's decision denying the defendant's motion to suppress. Id.; see also Martin v. Wainwright, 770 F.2d 918, 930 (11th Cir. 1985) (defendant's confession given after a reminder of his Miranda warning was not obtained in violation of Miranda even though defendant waived his Miranda rights one week earlier), modified on other grounds, 781 F.2d 185 (11th Cir. 1986), cert. denied, 479 U.S. 909 (1986); Biddy v. Diamond, 516 F.2d 118, 120-21 (5th Cir. 1975) (statements made during second interrogation after Miranda reminder were not obtained in violation of Miranda where defendant indicated she understood her rights and was given Miranda warning twelve days earlier), cert. denied, 425 U.S. 950 (1976).

4. The court finds that the totality of the circumstances indicate that the Miranda warning given on January 20th remained effective when the defendant was interrogated on January 24th. The defendant was given very thorough Miranda warnings on January 20th. Officer Moreland gave the warning orally and then provided the defendant with a written form which had each of his rights spelled out. The defendant was required to initial each

11

right and then sign the document.   On January 24th, he was
reminded of his rights by the same officer who had previously
given him the warnings.   The defendant was told that those
rights remained in effect and asked if he still remembered them.
He replied that he remembered them and understood them.   The
defendant now points only to the passage of time to suggest that
the effectiveness of the earlier warnings was diminished.   There
is no evidence that the defendant was coerced or intimidated
into talking with Officer Mangels on January 24th.   Under these
circumstances, the court believes that the earlier <u>Miranda</u>
warning remained effective.   Accordingly, we shall deny the
defendant's motion to suppress because we find no <u>Miranda</u>
violation.

MOTION FOR EXPERT TESTIMONY

     The defendant seeks an order requiring the government to
disclose whether it intends to rely on expert testimony at
trial; and, if so, to disclose the content and bases of any such
testimony as required by Fed.R.Crim.P. 16.   The defendant asks
that this information be provided in "sufficient time for
independent evaluation."   The government has no objection to
providing the information requested by the defendant.   The
government has suggested that it be provided no later than 14
days prior to trial.   The court shall grant the defendant's

motion and direct that the requested expert information be provided no later than 20 days prior to trial.

**IT IS THEREFORE ORDERED** that defendant's motion to suppress evidence seized from 2007 Glendale (Doc. # 26) be hereby granted.  The evidence seized from 2007 Glendale on January 20, 2005 is hereby suppressed.

**IT IS FURTHER ORDERED** that defendant's motion to suppress statements (Doc. # 27) be hereby denied.

**IT IS FURTHER ORDERED** that defendant's motion for disclosure of expert testimony (Doc. # 28) be hereby granted.  The government shall disclose the required materials at least 20 days prior to trial.

**IT IS SO ORDERED.**

Dated this 17th day of June, 2005 at Topeka, Kansas.


                            s/Richard D. Rogers
                            United States District Judge

13